UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
NEW YORK

FILED
CLERK

2015 JUN -3  PM 1: 28

-------------------------------------------------------------X

AMANDA SANCLER, JESSELLE SANCLER

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

Plaintiffs,

COMPLAINT

JURY TRIAL
DEMANDED

-against-

CV 15          3212

THE CITY OF NEW YORK, POLICE OFFICERS
JOHN DOES # 1 - #3,  the names being fictitious and
presently unknown, in their individual and official capacities
as employees of the City of New York Police Department

AMON, CH.J.

Defendants.

SCANLON, M.J.

-------------------------------------------------------------X

The  Plaintiffs,  AMANDA SANCLER & JESELLE SANCLER,  by
their attorney, Paul V. Prestia, Esq., of The Prestia  Law Firm, P.L.L.C, alleges the
following, upon information and belief for this Complaint:

## NATURE OF THE ACTION

1.     This is a civil rights action for money damages brought pursuant to 42
U.S.C. §§ 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the
United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the
State of New York, and the common law of the State of New York, against the City of
New York, and against Police Officers John Does #1 - #3, police officers of the City of
New York, in their individual and official capacities.  Plaintiffs seek compensatory and
punitive damages, affirmative and equitable relief, an award of attorneys' fees and
costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.s.C. §1331 and 28 U.S.C. §1343 (3) and (4).  Plaintiffs also assert jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367.  Plaintiffs requests that this Court exercise pendent jurisdiction over  those state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

### VENUE

3.    Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the events forming the basis of Plaintiffs' Complaint occurred in that District.

### NOTICE OF CLAIM

4.    On April 18, 2014, Plaintiffs Amanda Sancler and Jeselle Sancler, filed a Notice of Claim upon  Defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claim may be served.

5.    The Notice of Claim was in writing, sworn to by Plaintiffs, containing the names and addresses of the Plaintiffs, and the name and address of Plaintiffs' attorney.

6.    The Notice of Claim set out the nature of the claim, the time when, the place where, and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiffs.

7.    The City of New York has failed to adjust the claims within the statutory time period.

9.    This action is being commenced within one year and ninety days after the happening of the event upon which the claims are based.

10.    Plaintiffs caused the Notice of Claim to be served upon Defendant the City of New York. A 50-H Hearing of Plaintiffs were conducted on October 21, 2014.

### PARTIES

2

11.    Plaintiffs are both residents of the State of New York, Queens County.

12.    Defendant Police Officers John Doe # 1- #3, were at all times relevant to this complaint duly appointed and acting officers of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

13.    Defendant City of New York is a Municipal Corporation duly incorporated and existing pursuant to the laws of the State of New York, pursuant to Section 431 of its Charter. The City of New York has established and maintains a Police Department as a constituent department or agency of the defendant.

14.    At all relevant times, the City of New York and its Police Department employed all of the defendants more fully identified below.

15.    At all relevant times the Defendant Police Officers John Does # 1 -#3 were duly appointed and acting Police Officers of the New York City Police Department and were at all relevant times on duty

16.    At all relevant times, Defendants Police Officers John Does # 1-3 and were acting under the color of state law.

17.    At all relevant times, Defendants Police Officers John Does # 1-3 were agents, servants and employees acting within the scope of their employment by defendant City of New York.

## FACTS

18.    On December 27, 2013, the Plaintiffs, were in their home in Richmond Hill, NY.

3

19.    At approximately 6:00 p.m., Plaintiff AMANDA turned on the oven to bake dessert. Plaintiff Jeselle was upstairs at the time.

20.    Several minutes after tuning on the oven, Plaintiffs heard a loud 'pop' emanate from the kitchen. Plaintiffs went to see what occurred and noticed the oven on fire.

21.    Plaintiff Amanda put out the fire.

27.    Plaintiff Jesselle then called 911.

28.    The NY City Fire Department came and subsequently Police Officers John Does #1-3 arrived at Plaintiff's home.

28.    A burned gun was found in the broiler section of said oven.

29.    Plaintiffs were brought to the precinct.

30.    Plaintiff remained in the precinct until they were brought to Central Booking Queens County.

31.    On December 28, 2013, Plaintiffs were arraigned in Queens County Criminal Court and charged with Criminal Possession of a Weapon in the Fourth Degree.

32.    Plaintiffs were released on their own recognizance.

33.    Plaintiffs returned to Queens County Criminal Court on February 4, 2014.

34.    On February 4, 2014 Plaintiff Jeselle received an Adjournement in Contemplation Of Dismissal (ACD).

35.    Plaintiff Amanda returned to Queens County Criminal Court on March 23, 2014 and received an ACD.

36.    As a direct and proximate result of the malicious and outrageous conduct of Defendants set forth above, Plaintiffs suffered injuries and damages including,emotional trauma, harm and distress, mental anguish, fear, pain and suffering. The full extent of the

4

injuries and damages suffered by Plaintiff has yet to be determined.

## FIRST CAUSE OF ACTION

### (False Arrest Under Federal Law)

37. Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 36 of this complaint as if fully set forth herein.

38. The acts and negligence of the Defendant Officers John Does #1 - #3 committed under color of law and under their authority as City of New York police officers, in falsely arresting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiffs were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiffs and were designed to and did cause emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff. The aforesaid actions of the defendants were in violation of Plaintiff's constitutional rights to be free from unreasonable search and seizure of his person, to equal protection of the laws, and to not suffer deprivation of his liberty without due process of law, as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and in violation of 42 U.S.C. § 1983.

39. As a consequence thereof, Plaintiffs were injured and claim damages under 42 U.S.C. § 1983 for the above-referenced injuries.

40. As a consequence thereof, Plaintiff has been injured, and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## SECOND CAUSE OF ACTION

### (Monell )

41. Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 40 of this complaint as if fully set forth herein.

42. On information and belief, prior to and including August 18, 2013, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

43. On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

44. On information and belief, it was the policy and/or custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause him injury and violate his state and federal constitutional rights.

45. On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put  or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by

the plaintiffs herein. Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

46. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1981.

48. The conduct and negligence of the defendant City of New York and its Police Department were the direct and proximate cause of the injuries to Plaintiff..

49. As a consequence thereof, Plaintiff has been injured and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries; emotional harm and distress, mental anguish, fear, pain and suffering in violation of Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

## THIRD CAUSE OF ACTION

### (Malicious Prosecution Under Federal Law)

50.     Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 49 of this complaint as if fully set forth herein.

51.     Defendant John Does #1 – #3 initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging plaintiff had committed various crimes.

52.     Defendant John Does#1- #3 in initiating the above-stated malicious prosecution used such to cover up their illegal and unconstitutional conduct and force plaintiffs into confessing to a crime he did not commit.

53. The acts and negligence of Defendants John Does #1 - #3 in falsely charging, imprisoning and maliciously prosecuting plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and emotional harm and distress, mental anguish, fear, pain and suffering in violation of Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

54. As a consequence thereof, plaintiff has been injured, and plaintiff, claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## FOURTH CAUSE OF ACTION

### (Malicious Prosecution Under State Law))

55.     Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 54 of this complaint as if fully set forth herein.

56.     Defendant John Does #1 -#3 are liable to plaintiff for malicious prosecution of his December 2013arrest, because pursuant to a conspiracy, and acting with malice, the defendant initiated a malicious prosecution against plaintiff by knowingly, intentionally, and

8

maliciously providing false statements to prosecutors and/or the criminal court(s) alleging plaintiff had committed various crimes, seeking long, undue, adjournments of these cases to procure a guilty plea from plaintiff; and based upon these false statements, prosecutors prosecuted plaintiff until the case against plaintiff were dismissed in their entirety.

57. The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

58. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s) and pursuing said prosecutions despite knowing they did not have the requisite probable cause to successfully prosecute plaintiff.

59. As a consequence thereof, plaintiff has been injured and claims damages for the aforesaid injuries.

## SIXTH CAUSE OF ACTION

### (False Arrest Under State Law)

60.     Plaintiffs    incorporates by reference the allegations set forth in paragraphs 1 through 59 of this complaint as if fully set forth herein.

61.     The acts of the Defendants, acting under color of law, in arresting, physically assaulting, verbally abusing, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiffs, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiffs in violation of his rights to be free from unreasonable search and seizure, to equal protection of the laws, and to not be deprived of his liberty without due process of law, as guaranteed by Article I, Sections

9

6, 11, and 12 of the Constitution of the State of New York.

62.   As a consequence thereof, plaintiffs have been injured and claims damages for the aforesaid injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs' respectfully requests that judgment be entered as follows:

1.   A declaration that the defendants violated Plaintiffs' rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, and to be free from the deprivation of liberty without due process of law as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

2.   A declaration that the defendants violated Plaintiffs' rights to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens as guaranteed under 42 U.S.C. § 1981;

3.   A declaration that the defendants violated Plaintiffs' rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, to not be discriminated against in his civil rights because of his race or color, and to be free from the deprivation of liberty without due process of law as guaranteed under Article I, Sections 6, 11 and 12 of the New York State Constitution;

4.   Compensatory damages against all defendants in an amount to be determined by a jury;

10

5.      By reason of the wanton, willful and malicious character of the conduct

complained of herein, exemplary and punitive damages against all

defendants in an amount to be fixed at trial;

6.      An award to Plaintiffs of the costs and disbursements herein;

7.      An award of attorney's fees under 42 U.S.C. § 1988;

8.      Such other and further relief as this Court may deem just and proper.


Dated:  March 23, 2015
        New York, New York

PAUL V. PRESTIA, ESQ.
The Prestia Law Firm, P.L.L.C.
65 Broadway, Suite 716
New York, New York 10006
(212) 430-6313
Attorney for Plaintiffs

11